## Alfred Townsend *et al.*

*v.*

## William J. Radcliffe.

1. Estate — *administration and distribution of.* Under our statute, a husband has the right to become administrator of his wife's estate, but, like all other administrators, he must distribute the estate according to the statute of distribution. The statute of the 29th Car. 2d was never in force in this State.

2. Husband and wife — *neither next of kin to the other.* Neither the husband or the wife is in any sense next of kin to the other.

3. Jurisdiction in chancery — *distribution of estates.* A court of equity has a paramount jurisdiction in cases of administration and the settlement of estates, and may control courts of law in their action in that regard.

4. So where a court of probate has ordered an administrator to pay money in his hands to the persons legally entitled to receive it, without determining who are entitled to the distribution, it is proper to resort to a court of chancery for the purpose of ascertaining that fact.

Appeal from the Circuit Court of St. Clair county; the Hon. Joseph Gillespie, Judge, presiding.

The facts fully appear in the opinion.

Mr. W. H. Underwood, for the appellants.

Mr. Charles W. Thomas, for the appellee.

Mr. Chief Justice Breese delivered the opinion of the Court:

This was a bill in chancery in the St. Clair Circuit Court, brought by Alfred Townsend and others, claiming to be the legal representatives of Nancy Radcliffe, deceased, against her

surviving husband, William J. Radcliffe, for a discovery of all the personal property belonging to deceased as her separate property at the time of her death, and to decree the same to complainants as the heirs at law and distributees of deceased. The bill also prayed that defendant, who had administered upon the estate of the deceased, would account to them for all moneys he had received belonging to her as administrator, and that the court would adjudge who is the rightful owner of her effects after paying her debts, and make an order for the distribution of the same. The defendant, as administrator, had made a final settlement of the estate before the County Court after the expiration of two years from the time of taking out letters of administration, and had charged himself with a balance in his hands of $1,134.86, all of which he claimed to be his, as husband of the deceased.

The County Court ordered the administrator to pay over this balance to the persons legally entitled to receive it, without determining who were the proper distributees thereof.

A demurrer was filed to the bill, on the ground, first, that complainants had a remedy at law by taking an appeal from the order of the probate court, and, second, that defendant was entitled to all of the personal property of the deceased.

The court sustained the demurrer and dismissed the bill, to reverse which the record is brought here by appeal, and the decision of the court upon the demurrer is the error assigned.

It is admitted the marriage of the deceased intestate was subsequent to the passage of the act of 1861 to protect married women in their separate property, and that the property had been devised to her by her father under his last will.

The defendant, appellee here, contends that by the *jus mariti*, or as administrator of his wife, he is entitled to all the property and money in his hands; and that the remedy of complainants was at law, by appeal from the order of the County Court.

In support of this proposition reference is made to section 90, chapter 110, title "wills." That section we do not think has any application. The object of that section is to get at

property which may be concealed or embezzled, or be in the possession of a party not entitled to it, in order that it may be delivered up to be administered upon.

We do not perceive how the complainants could have appealed, or from what they should have appealed, as the County Court failed to determine who was entitled to the surplus of the wife's estate. The order, so far as it went, was well enough, that the administrator should pay it to the persons legally entitled to receive it, and this bill was filed for the purpose of ascertaining that fact. We know no tribunal more competent to settle such a question than a court of equity, which has a paramount jurisdiction in cases of administration and the settlement of estates, and may control courts of law in their action in their settlement and distribution. *Grattan* v. *Grattan*, 18 Ill. 171.

The other and most important question must be determined by reference to our statute. Our statute of wills, by section 46, declares, after all debts and claims against an estate shall be paid, the remainder of the estate shall descend to and be distributed to the children of the intestate, and their descendants in equal parts; if there be no children of the intestate or descendants of such children, and no parents, brothers or sisters, or descendants of brothers and sisters, and no widow, then such estate shall descend in equal parts to the next of kin to the intestate in equal degree, computing by the rules of the civil law. Scates' Comp. 1199.

By section 55, administration on the estate of the wife is the right of the husband.

The property of the intestate consisted, for the most part, in promissory notes on different persons made payable to her while sole, which never came into the possession of her husband, nor had he any control over them in her life-time. He had not reduced them into his own possession.

While marriage was, prior to the act of 1861, considered as an absolute gift to the husband of the goods, personal chattels and estate of which the wife was actually and beneficially possessed at the time of marriage in her own right, and of such

other goods and chattels as came to her during the marriage, with regard to *choses in action*, the marriage was only a qualified gift, upon the condition that the husband reduced them into possession during the continuance of the marriage. Failing to do this, on the death of the wife they survived to her next of kin.

The act of 1861 continued the separate property of the wife in her during coverture, and placed it beyond the control of her husband. The appellee contends that by the terms of the act her property was so placed only "during coverture," and that at her death it passed to the husband in that right, or to him as administrator on becoming such.

This is not a proper inference from the language of the act taken in connection with the sections of the statute of wills above cited. The property being the absolute property of the wife "during coverture," it would seem to follow, on her death, it went to her next of kin, or to her devisees as she might nominate by her last will. It is hers absolutely, and, dying intestate, it becomes subject to the provisions of our statute in relation to intestate estates. The cases cited by appellee are based upon the statute of 29 Car. 2, which never was in force in this State, as it was passed subsequent to the fourth year of the reign of James I. The rule as contended for by appellee is the law in England, New York and Kentucky, as appears from the authorities cited. *Stewart* v. *Stewart*, 7 Johns. Ch. 229; 2 Bright's Husband and Wife, 224; *Brown et al.* v. *Alden et al.*, 14 B. Mon. 143, and perhaps in other States.

In those States having statutes of distribution like our own, the surplus property of the wife, on intestacy, has always been held to go to her next of kin, and not to her husband in either right as claimed. *Holmes* v. *Holmes*, 28 Verm. 765; *Curey* v. *Falkington*, 14 Ohio, 106; *Dixon* v. *Dixon*, 18 id. 113; *Baldwin* v. *Carter*, 17 Conn. 201. In *Cox* v. *Morrow*, 14 Ark. 617, and *Carter* v. *Cantrill*, 16 id. 155, it was held that the personal property of the wife, not reduced to possession by the husband during her life-time, descends, upon her death, to her heirs or representatives, and not to her husband.

This was the rule of the common law, though the administrator could not be compelled to make distribution until the act of 22 Car. 2 was passed, compelling him, and under that act the distribution was to the next of kin of the wife. Reeve's Dom. Rel. 16. Before this statute, all the children of a deceased person were equally entitled to their several shares of the personal estate of their father, yet if one of them procured administration on the estate, he would take the whole to himself, as did the clergy when to their care estates were committed. In the same manner, when the wife died, the husband was considered as having a legal right to the administration on her estate, and, having obtained the appointment, he could not be compelled to distribute to her representatives. But this statute made it the duty of all administrators to distribute the estates of deceased persons. Id. By the statute 29 Car. 2, husbands were permitted, after having paid the debts due from their wives, to hold exclusively all their wives' *choses in action*, without any liability to account for them to any person. This altered the common law, giving that to the husband which before belonged to the representatives of the wife.

This statute was never in force in this State, consequently the husband here is in no different situation from other administrators, and must distribute the estate according to our statute of distribution. The husband becomes administrator by virtue of our statute, and is in no different condition than any other administrator, and must distribute the surplus according to the law under which he acts. He cannot claim to be next of kin to his wife, for in no sense is he such, nor is the wife next of kin to the husband. *Watt* v. *Watt*, 3 Vesey, Jr. 247 ; *Garrick* v. *Lord Camden*, 14 id. 386 (side paging) ; *Bailey* v. *Wright*, 18 id. 49 ; 2 Kent's Com. 136 (5th ed.)

An inference may be drawn, that it was not the intention of the legislature to vest the husband with the personal estate of his wife, after her decease, from section 47, chapter " wills," wherein it is provided the husband shall have one-half of the real estate of the wife forever, if she dies without issue.

We are of opinion the next of kin of the intestate are entitled

to the surplus of her estate, and the demurrer to the bill should have been overruled, and a discovery compelled.

The decree of the Circuit Court must be reversed, and the cause remanded.

*Decree reversed.*