# William E. Hughes, Cyrus J. Wood and Martin Dougherty, Jr., a minor, by E. J. Whitehead, his guardian ad litem, v. Martin Dougherty, Sr., Charles W. Beck and the People's Casualty Claim and Adjustment Company.

1. ATTORNEYS—*Persons Not Licensed as Such.*—A person who is not an attorney has no right to receive fees as such, and can not collect money for legal services.

2. SAME—*Alone Authorized to Receive Attorney's Fees.*—Under an order of the Probate Court allowing a guardian to expend one-third of the amount recovered by his ward in an action for personal injuries in the payment of attorney's fees for services in such action (without designating the attorneys), a payment by such guardian to a person not a licensed attorney is a violation of the order.

3. EQUITY.—*Misapplication of Funds—Power to Follow.*—A bill in chancery lies to determine who are the proper persons entitled to receive a fund which the Probate Court has ordered a guardian to pay over to persons entitled thereto, but without naming them; and the fact that the guardian has determined for himself who was entitled to the fund, and paid it over before the filing of the bill, does not affect the question of jurisdiction. Equity will follow the fund.

**Bill in Chancery.**—Disposition of a fund. Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in this court at the October term, 1895. Reversed and remanded. Opinion filed February 11, 1896.

E. J. WHITEHEAD, guardian *ad litem* of Martin Dougherty, Jr.; WHITEHEAD & STOKER, of counsel.

It is insisted that the fund involved herein is the property of an infant and a trust fund. Davis, Adm'r, v. Harkness, 1 Gilm. 173; Cowles v. Cowles, 3 Gilm. 435; Smith v. Sackett, 5 Gilm. 534; Gratton v. Gratton, 18 Ill. 171; Bond v. Lockwood, 33 Ill. 218; Lynch v. Rotan, 39 Ill. 19; In re Wm. Steele, 65 Ill. 329.

Equity will follow a trust fund. Perry on Trusts, Secs. 828–840.

C. J. WOOD and WILLIAM E. HUGHES, attorneys *pro se.*

The next friend, or *prochein ami* for infant party, is a

species of attorney whose duty it is to prosecute for the infant's rights, and bring those rights directly under the notice of the court. He can do nothing to the injury of the infant; is powerless to yield any of the latter's rights. He is an officer of the court, but not·for any purpose is he a party to the suit, and his duty ends with final judgment. Leopold v. Meyer, 10 Abb. Pr. (O. S.) 40; citing Knickerbocker v. DeFreaat, 2 Paige, 304; Miles v. Kaigler, 10 Yerg. 10; Brown v. Hull, 16 T. R. 673; Jarvis v. Boyd, 5 Porter, 388. See also Tucker v. Dabbs, 12 Heisk. (Tenn.) 18; R. R. Co. v. Kennedy, 70 Ill. 350; Wright v. Gay, 101 Ill. 233; Barwick v. Ruckley, 45 Ala. 215; Deford v. State, 30 Md. 199; Robson v. Osborn, 13 Tex. 305; 1 Daniell's Ch. Pr. 69; Schouler's Dom. Rel., Sec. 449; Tyler on Infancy, 197; 3 Robinson Pract., 229; Tidd's Pract., 100, N.

Beyond the count of the declaration no special appointment of the next friend is necessary, although in theory he is selected by the court. Chudleigh v. C. R. I. & P. Ry. Co., 51 Ill. App. 491; Miles v. Boyden, 3 Pick. 213; Judson v. Blanchard, 3 Conn. 579; Klaus v. State, 54 Miss. 644; Morgan v. Thorne, 7 K. & W. 400.

The consent of the infant is not essential to the appointment of the next friend, and in fact the infant may be ignorant thereof, or of the object thereof. Pyne v. Wood, 145 Mass. 558; Morgan v. Thorne, *supra;* Barwick v. Ruckley, *supra;* G. C. & S. F. R. Co. v. Styron, 66 Tex. 421; Kingsbury v. Buchner, 134 U. S. 650.

The fact that the suit proceeds without objection, admits permission on the part of the court to the next friend to prosecute. Burwell v. Corbin, 1 Rand. 151.

One duty of the next friend is to employ an attorney. B. & O. R. R. Co. v. Fitzpatrick, 36 Md. 619; Collins v. Brook, 4 H. & N. 270.

Without a license to practice law there can be no recovery for services as attorney in a court of record. City of E. St. L. v. Freels, 17 Ill. App. 339; Robb v. Smith, 3 Scam. 46.

The father is the natural guardian of the child's person, but that gives him no rights, even if likewise next friend.

Allen v. Roundtree, 1 Spears (S. C.) 80; Genet v. Talmadge, 1 Johns. Ch. 3; Miles v. Kaigler, 10 Yerger, 10; The Etna, Ware, 474.

A guardian can not by his own contract bind the estate of his ward. All expenditures not for necessaries should be approved by the court before made. Schouler's Dom. Rel. 344 (3d Ed.); Sperry v. Fanning, 30 Ill. 371; Cunningham v. Ill. Cent., 77 Ill. 173; Bond v. Lockwood, 33 Ill. 212; Cheney v. Roodhouse, 135 Ill. 265; Gillett v. Wiley, 126 Ill. 319; Nichols v. Sargent, 125 Ill. 311; Hayes v. M. L. Ins. Co., 125 Ill. 631; Clark v. Burnside, 15 Ill. 62; Gilbert v. Guptill, 34 Ill. 112; In re Steele, 65 Ill. 322.

McCRACKEN & CROSS, attorneys for appellees.

A person who furnishes to a minor, necessaries, as defined by the law, becomes a creditor of the infant and can recover in an action of assumpsit on a *quantum meruit* the reasonable value. It has never been held that this doctrine gives the person furnishing the necessaries a right to go into chancery to collect his debt, or renders him anything else but a simple contract creditor of the minor. The remedies at law are entirely adequate for the recovery of the reasonable value of necessaries furnished. The doctrine of necessaries simply helps creditors to a recovery in an action at law, where otherwise he could not recover. It is not applicable in this case, for the reason that the services rendered by complainants were for the benefit of the minor's estate solely, and were not rendered in and about the support and maintenance of his person or his education. Necessaries relate to person and not estate. Weeks on Attorneys, Sec. 342; N. H. H. T. Ins. Co v. Noyes, 32 N. H. 351; Dillion v. Bowles, 77 Mo. 603; Tupper v. Cadwell, 12 Metc. 559; Phelps v. Worcester, 11 N. H. 51.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This is a controversy in equity as to the proper disposition of a fund of $3,166.66, authorized by order of the Probate Court, to be expended out of the estate of a minor,

one Martin Dougherty, junior, by the appellee, Martin Dougherty, senior, guardian of said minor, in discharge of legal services rendered in the matter of said minor's said estate. Said order did not specify to whom said fund should be paid, nor who was entitled to all or any part of it.

The whole of the estate of said minor consisted of a sum of $9,500, realized after a long litigation, by settlement of a claim for personal injuries suffered by the said minor, and paid to said guardian. The order of the Probate Court was, that the "guardian have leave to expend a sum not to exceed one-third of the amount recovered in right of action for personal injuries to said minor, and settled under order of court, as attorney's fees, said sum to include all legal services of whatever nature in said estate."

The whole of said sum of $3,166.66 was paid by the guardian to the People's Casualty Claim and Adjustment Company, on the day the order of the Probate Court was entered.

The appellants were the attorneys who began the suit which resulted in the settlement out of which the money arose, and prosecuted it through its various stages, although under a different employment at different stages of the suit. The bill was filed by the appellants for an accounting, and to obtain their equitable share of said money paid to the Casualty company.

The minor, by his guardian *ad litem*, filed his cross-bill, praying that the Casualty company be decreed to pay to his guardian the said sum of $3,166.66, and for general relief.

The abstract of the master's report states the main facts and his conclusions succinctly, as follows:

"The master finds that the complainants are attorneys at law, and that the Adjustment company is a corporation organized to collect claims of every kind and nature and description, and that C. W. Beck is its president and manager. That Martin Dougherty, Jr., is a minor, and that July, 1892, he was a poor person with no estate except a claim against the Chicago, M. & St. P. R. R. Co.; had no guardian,

and was unable, being a minor, to make a contract; that the minor was grievously injured through the negligence of the said railway company, and that it became necessary to institute a suit for said minor against said railway company; that said Adjustment company saw an account of said injury in a newspaper, and obtained from Martin Dougherty, Sr., and Nellie Dougherty, parents of said minor, a power of attorney to settle and collect the claim which said parents had against said railway company by reason of the minor's injuries; that said Adjustment company employed W. E. Hughes and C. J. Wood to prosecute a number of personal injury causes, and that it had in its employ S. W. Hurdle. That the said suit was started in Kane county, for said minor, by said Hurdle as next friend, in said Wood's name as attorney. That said Hughes and Wood caused a declaration to be filed in said cause, and obtained a verdict for the minor in the sum of $10,000 ; that up to this time complainants were not employed by the minor or his next friend, but by said Adjustment company, which paid said Hughes $240, and which had an arrangement with said Wood on a basis of ten per cent of the amount received by the said company in cases in which said Wood acted as attorney; that an appeal was taken to the Appellate Court, and that prior to the hearing of said appeal, said Hughes and Wood dissolved their relations with the said Adjustment company and that said Hurdle, the minor's next friend, thereupon employed and retained Hughes and Wood to prosecute said appeal, they also having the written consent of the minor's parents. That said Hughes and Wood prepared abstracts and briefs, and did all work necessary in the Appellate Court, said Wood expending minor sums for expenses. That the Appellate Court affirmed the judgment of the trial court, and the railway company appealed to the Supreme Court, who appointed Adolph Moses guardian *ad litem*, and the guardian *ad litem* employed Hughes to act as the attorney in the Supreme Court. That Martin Dougherty, Sr., was appointed guardian of said minor, and compromised with the railway company for $9,500.

That November, 1894, the Probate Court entered an order allowing said guardian leave to expend a sum not exceeding one-third of the amount recovered by the minor, in payment of attorneys' fees in said estate. That said Martin Dougherty, Sr., made such payment to the Adjustment company, in violation of the order of the Probate Court.

That the said Adjustment company is not an attorney, and has no right to receive fees, or collect money for legal services.

That said Adjustment company acted under power of attorney with the parents of said minor to prosecute any suit the said parents had against the railway company, and not any claim of the said minor, and that the said Adjustment company had no authority whatever from the minor, or from his parents, to prosecute the minor's claim, and said Adjustment company could not perform legal services, or appear in court as attorney.

The master further finds that the said $3,166.66 ought to be returned by the Adjustment company to Martin Dougherty, Sr.; that complainants, Hughes and Wood, are entitled to no pay for services in Kane County Circuit Court; that for services said Hughes and Wood rendered in the Appellate Court they are entitled to the sum of $1,000, which sum, with expenses, should be paid said attorneys by said guardian. That the minor's allegations in the cross-bill have been proved, except that the complainants, Hughes and Wood, were authorized by the next friend to prosecute said suit of the minor in the Appellate and Supreme Courts. That the said Adjustment company should be ordered and directed to pay Martin Dougherty, Sr., as guardian, $3,166.66."

Upon the coming in of the master's report the Superior Court sustained exceptions thereto, and dismissed the bill for want of jurisdiction, and this appeal is from such decree.

Under the authority of Shepard v. Speer, 140 Ill. 238, it is difficult to understand why the Probate Court, having jurisdiction of the minor's estate and the guardian, and being

clothed with jurisdiction both equitable and legal in all matters concerning the same, did not adjudge upon the matter in controversy, and settle the rights and equities of all persons to the fund in question, which was a part of the minor's estate.

We are somewhat uncertain whether such a case of extraordinary character is made to appear as will justify a court of equity in assuming the jurisdiction which in ordinary cases of this kind would seem to be vested in the Probate Court; but that a court of general equity jurisdiction does possess jurisdiction, instead of a court of law, in such a case as is here presented, does not seem to admit of much doubt.

The minor's estate was a trust fund in the hands of the guardian, and the theory upon which the bill proceeded was that there had been an illegal diversion of a part thereof, in which the appellants had an interest, and that therefore a restoration of such unlawfully diverted portion should be decreed, and, in doing so, that appellants' rights and interest therein might properly be determined and decreed.

In Townsend v. Radcliffe, 44 Ill. 446, it was held that a bill in equity was properly brought to determine who were the parties entitled to receive a fund which the County Court had ordered the administrator to pay to those persons legally entitled to receive it.

The mere fact that the guardian here, had previously determined for himself who was entitled to the fund in question, and had paid it over before the bill was filed, does not affect the question of jurisdiction. Equity will follow the fund into whosesoever hands it may be found, and especially where, as here, all parties who dealt with the fund were chargeable with actual notice.

The equity, which the Probate Court recognized, is strong that the persons through whose legal services the minor's entire estate was created, should be paid from the estate. See in this connection, McKee v. Lamon, 159 U. S. 317.

The proof unmistakably shows that appellants Hughes and Wood's services contributed very largly to the securing of the estate, and that they were entitled to quite as much

as was found by the master to be their due, over and above what had been paid to them by the Casualty company for services in the Circuit Court, and with which they express themselves as content.

As between the minor and his guardian, or the minor and the Casualty company, we find no reason to make any directions; but as to the appellants, William E. Hughes and Cyrus J. Wood, we think the Casualty company and the guardian should be decreed to pay to them the sum of $1,000, as found by the master. The decree of the Superior Court will therefore be reversed and the cause remanded, with directions to that court to enter a decree in favor of the appellants, against the appellees, the People's Casualty Claim and Adjustment Company, and the guardian, Martin Dougherty, Sr., for the sum of $1,000. Reversed and remanded with directions.

WATERMAN, J.

I think that the Casualty company should be permitted to retain only a reasonable compensation for what it has done, disbursed and risked, resulting in benefit to the minor.