WILLIAM R. LOCKWOOD

*v.*

GEORGE A. MOFFETT *et al.*

*Opinion filed December 21, 1898.*

1. DESCENT—*clause 6 of section 1 of Statute of Descent construed.* The word "kindred," used in clause 6 of section 1 of the Statute of Descent, (Rev. Stat. 1874, p. 417,) which provides that if any intestate "leaves a widow or surviving husband and no kindred, his or her estate shall descend to such widow or surviving husband," must be construed as including within its scope the term "next of kin," as used in clause 5 of the same section.

2. SAME—*uncles and aunts are "kindred," within the meaning of clause 6.* Upon the death of an intestate leaving a surviving husband but no child or descendants of children, and no parents, brothers or sisters or descendants of such, but leaving uncles and aunts, the surviving husband takes one-half of the intestate's real estate, the other half descending to the uncles and aunts subject to the surviving husband's dower and homestead therein.

APPEAL from the Circuit Court of Adams county; the Hon. JOHN C. BROADY, Judge, presiding.

This was a bill in equity brought by George A. Moffett, Ann B. West and Emily C. Sibert in the circuit court of Adams county, against William R. Lockwood, to partition certain real estate situated in Quincy and Chicago.

There is no controversy between the parties in regard to the facts. They are substantially as follows: Ella M. Lockwood, the late wife of appellant, William R. Lockwood, died intestate on the 25th day of February, 1897, at her residence in Quincy, Illinois, seized in fee of all of the lands in controversy, leaving no child or children or descendants of a child or children, and no parent, brother or sister, or descendants of any such, surviving, but leaving her said husband surviving, and also leaving the complainants, George A. Moffett, an uncle, and Ann B. West and Emily C. Sibert, her two aunts, as her sole and only next of kin, surviving, all of her other kin and relatives being cousins of the first or still more remote degree.

The circuit court found that the uncle and two aunts inherited and owned, and decreed to them, an equal half of all of the lands in controversy, and decreed to appellant the other half of the lands, and also a homestead and dower out of the half decreed to said three complainants. From that decree William R. Lockwood, the surviving husband, appeals to this court.

The errors relied on for a reversal of the decree are, that the circuit court erred in finding that said complainants have any interest in the lands in controversy, and in decreeing to them an equal half of the said lands, or any interest therein, and in not dismissing their bill for want of equity; and also in not holding and decreeing that the appellant was and is the sole owner of all of the lands in controversy.

W. L. VANDEVENTER, and S. B. MONTGOMERY, for appellant:

A fair construction of the Statute of Descent clearly indicates a settled policy by the legislature to favor the immediate family of the intestate by providing for the devolution of intestate estates in the following order: First, to children and their descendants; second, to widows and surviving husbands; third, to parents, brothers and sisters and their descendants, the descendants taking by representation; fourth, to the next of kin more remote than parents, brothers and sisters.

It is a familiar rule that where a statute is susceptible of two constructions, the one which comports with the policy of the State must be adopted rather than that which runs counter to such policy. *Wheeler* v. *Wheeler*, 134 Ill. 523; *Steere* v. *Brownell*, 124 id. 27; *Garland* v. *Harrison*, 8 Leigh, 371; *Stones* v. *Keeling*, 5 Call. 144; 1 Woerner on Am. Law of Adm. sec. 64; 23 Am. & Eng. Ency. of Law, 347; *Edwards* v. *Freeman*, 2 P. Wms. 443.

The word "kindred," in the sixth clause of the Statute of Descent, is clearly not synonymous with the phrase

"next of kin," in the fifth clause, otherwise there would be a plain and manifest absurdity, for if they are held to refer to and mean the same persons, then we have the fifth clause declaring that where there is a surviving husband the next of kin shall not take, and in the sixth clause that if there is kindred of the intestate then the husband shall not take. A construction leading to such an absurdity is not to be attributed to the legislature, and such a construction must be adopted, if possible, eliminating and avoiding such absurdity. *People* v. *Gaulter*, 149 Ill. 47; *Perry County* v. *Jefferson County*, 94 id. 214; *People* v. *Hoffman*, 97 id. 234.

A. C. BRAXTON, for appellees:

It is not contended that the word "kindred" and the phrase "next of kin" are synonymous, but that the meaning of the word includes that of the phrase.

While it is true that no court in this State has ever held, in so many words, that the surviving spouse would not inherit all the realty to the exclusion of next of kin, it is equally true that no court in this State has ever held, expressly or by implication, that the surviving spouse would take the whole estate where there were kindred of the intestate living, other than non-resident aliens. On the other hand, the courts, counsel and suitors have, from the creation of this State, uniformly acted upon the assumption that the surviving spouse took only one-half the realty where there were kindred of the intestate living, other than non-resident aliens and those tracing relationship through them. Such was the uniformly accepted construction up to the act of 1877, under which appellant claims. *Tyson* v. *Postlethwaite*, 13 Ill. 728; *Tyler* v. *Tyler*, 19 id. 151; *Lessley* v. *Lessley*, 44 id. 529; *Ringhouse* v. *Keever*, 49 id. 470; *Sutherland* v. *Sutherland*, 69 id. 487; *Marvin* v. *Collins*, 98 id. 510; *Sturgis* v. *Ewing*, 18 id. 176; 4 Kent's Com. 394; 3 Washburn on Real Prop. 421.

Such continued to be regarded and acted upon as the law after the act of 1877, (which was regarded as merely declaratory,) till the decision, in 1895, of *Beavan* v. *Went*, 155 Ill. 592. Horner on Probate Law, (2d ed.) 18; *Shoot* v. *Galbreath*, 128 Ill. 215; *Wunderle* v. *Wunderle*, 14 id. 40.

Even since the decision of *Beavan* v. *Went* the court has acted on the same construction of the statute, ignoring the suggestion contained in the *dictum* in that case, which did not profess to be anything but a *dictum*. *Christy* v. *Marvin*, 163 Ill. 225; *Beavan* v. *Went*, 155 id. 592.

Mr. JUSTICE CRAIG delivered the opinion of the court:

The decision of this case necessarily involves the construction of the Statute of Descent, section 1 of which is as follows (Hurd's Stat. 1897, p. 629):

"Section 1. *Be it enacted by the People of the State of Illinois, represented in the General Assembly,* That estates, both real and personal, of residents and non-resident proprietors in this State dying intestate, or whose estates, or any part thereof, shall be deemed and taken as intestate estate, after all just debts and claims against such estates are fully paid, shall descend to and be distributed in manner following, to-wit:

"*First*—To his or her children and their descendants in equal parts, the descendants of the deceased child or grandchild taking the share of their deceased parents in equal parts among them.

"*Second*—When there is no child of the intestate nor descendant of such child, and no widow or surviving husband, then to the parents, brothers and sisters of the deceased and their descendants, in equal parts among them, allowing to each of the parents, if living, a child's part, or to the survivor of them, if one be dead, a double portion; and if there is no parent living, then to the brothers and sisters of the intestate, and their descendants.

"*Third*—When there is a widow or surviving husband, and no child or children or descendants of a child or chil-

dren of the intestate, then (after the payment of all just debts) one-half of the real estate and the whole of the personal estate shall descend to such widow or surviving husband as an absolute estate forever, and the other half of the real estate shall descend as in other cases where there is no child or children or descendants of a child or children.

"*Fourth*—When there is a widow or a surviving hus-band, and also a child or children or descendants of such child or children of the intestate, the widow or surviving husband shall receive, as his or her absolute personal es-tate, one-third of all the personal estate of the intestate.

"*Fifth*—If there is no child of the intestate or descend-ant of such child, and no parent, brother or sister or de-scendant of such parent, brother or sister, and no widow or surviving husband, then such estate shall descend in equal parts to the next of kin to the intestate in equal degree, (computing by the rules of the civil law,) and there shall be no representation among collaterals, ex-cept with the descendants of brothers and sisters of the intestate; and in no case shall there be any distinction between the kindred of the whole and the half blood.

"*Sixth*—If any intestate leaves a widow or surviving husband and no kindred, his or her estate shall descend to such widow or surviving husband.

"*Seventh*—If the intestate leaves no kindred, and no widow or husband, his or her estate shall escheat to and vest in the county in which said real or personal estate, or the greater portion thereof, is situated."

The question to be determined is, to whom does the real estate of Ella M. Lockwood, the intestate, go, she leaving no child or children or descendants of a child or children, and no parent, brother or sister or descend-ants of a parent, brother or sister, surviving, but leaving William R. Lockwood, her husband, surviving, and com-plainants, George A. Moffett, an uncle, and Ann B. West and Emily C. Sibert, her aunts, as her sole and only next

of kin, surviving? Under clause 3 of section 1, after the payment of all debts one-half of the real estate and the whole of the personal estate shall descend to such widow or surviving husband as an absolute estate forever, and the other half of the real estate shall descend as in other cases where there is no child or children or descendants of a child or children. As to the one-half of the real estate, there can be no question but that the husband, William R. Lockwood, inherited the same as an absolute estate. But the controversy here is over the other half, the uncle and two aunts, the appellees, as next of kin, claiming one-half of all the real estate of the intestate, Ella M. Lockwood, while the surviving husband, William R. Lockwood, claims all the real estate.

In construing statutes the intention of the law-giver is to be deduced from a view of the whole and every part of the statute taken and compared together. (1 Kent's Com. 462.) The ordinance of July 13, 1787, for the government of the territory north-west of the Ohio river, relating to the descent of intestate estates, saved, in all cases, to the widow of the intestate her third part of the real estate for life and one-third part of the personal estate. (Purple's Real Estate Stat. 30, 31.) The statute remained the same until the act of January 23, 1829, which gave the widow of the intestate one-half of the real estate when there was no child or children or descendants of a child or children of the intestate. While the widow was provided for in case of the death of the husband intestate leaving no child or children or their descendants, there was no provision for the husband in case of the death of the wife intestate leaving no child or children or their descendants. The legislature, by an act in 1843, (Rev. Stat. 1845, chap. 109, sec. 47,) extended this right of the wife to the surviving husband, as follows:

"Sec. 47. When any *feme covert* shall die intestate, leaving no child or children or descendants of a child or children, then one-half of the real estate of the decedent shall

descend and go to her husband, as his exclusive estate forever."

At common law collateral kin took to the exclusion of a surviving spouse. Indeed, the spouse never was regarded as "next of kin" or one of the "kindred." In *Townsend* v. *Radcliffe*, 44 Ill. 446, this court said: "He [the husband] can not claim to be next of kin to his wife, for in no sense is he such, nor is the wife next of kin to the husband.— *Watt* v. *Watt*, 3 Ves. Jr. 247; *Garrick* v. *Lord Camden*, 14 id. 386; *Bailey* v. *Wright*, 18 id. 49; Kent's Com. 136, (5th. ed.)"

It is contended that under the sixth clause of the Statute of Descent appellant, Lockwood, took the entire real estate. The sixth clause directs that if there be a widow or surviving husband and no kindred, the entire real and personal estate shall descend to the widow or surviving husband. In construing this section, appellant insists that the word "kindred," in this sixth clause, should be restricted to "parents, brothers and sisters and their descendants," thus excluding next of kin (other than those named) in favor of the surviving spouse. He cites *Webber* v. *City of Chicago*, 148 Ill. 313, "that where an enumeration of specific things is followed by general words or phrases the latter are held to refer to things of the same kind as those specified." But in the same connection we further said: "But this is only one of many rules of construction, all of which are to be employed for the attainment of the same end, viz., that of ascertaining the *intention* of the legislature or the contracting parties, as expressed in the statute or contract sought to be construed; and where, from the whole instrument, a *larger intent* may be gathered, the rule under consideration will not be applied in such manner as to defeat such larger intent.—Bishop on Contracts, sec. 409."

By application of the rule that a general expression may be limited by the specific words preceding, appellant would make the word "kindred," in said sixth clause of section 1, mean only "parents, children, brothers and

sisters, and their descendants." This construction, in view of the language used, cannot be sustained. The word "kindred" is used in a larger sense, and must be held to include the phrase "next of kin." The phrase "next of kin" is used in the fifth clause of the statute, and if "kindred," as used in clause 6, is to be limited to such kindred as are specified and provided for in the preceding clauses, then "next of kin" must be included as among the "kindred" so expressly specified and provided for. As appellee says, if the word "kindred," as used in the sixth clause of the statute, must, for the reasons alleged by appellant, be held to mean only "parents, children, brothers and sisters, and their descendants," then for the same reasons must the word "kindred," as used in the seventh clause, receive the same construction, because, as said in Reeve on Descents, 32, "the same words ought certainly to receive the same construction in both parts of the statute." If under clause 6 the spouse inherits all the realty, to the exclusion of "next of kin," then it follows that under clause 7, there being no surviving spouse, the county would take by escheat the whole of the property to the exclusion of the "next of kin," which would cause the disinheritance of "next of kin," in all cases, and is inconsistent and irreconcilable with section 5.

In *Wunderle* v. *Wunderle*, 144 Ill. 40, which was a bill filed asking for a partition of 116 acres of land, Alexander Wunderle, the owner of the land, died intestate, leaving no issue, but leaving him surviving a widow and one brother and sister, who were non-resident aliens at the time of the intestate's decease. This court said (p. 67): "Inasmuch, therefore, as the appellants cannot inherit from their deceased brother by reason of their alienage, the interest in the land which would otherwise have gone to them descends to the next of kin competent to take under the statutes of Illinois. We are of opinion that under the facts of this case, as presented by the record, the appellee must be regarded as such next of kin. Our

Statute of Descent provides, that 'if any intestate leaves a widow or surviving husband and no kindred, his or her estate shall descend to such widow or surviving husband.' (Rev. Stat. chap. 39, sec. 1, clause 6.) The kindred here referred to are evidently such kindred as are capable of inheriting. It not appearing that the deceased had any other kindred than his non-resident alien brother and sister, his widow is entitled to take the whole of the land in controversy." The construction placed upon the word "kindred" in this case is contrary to the construction claimed by appellant.

The case of *Beavan* v. *Went*, 155 Ill. 592, cited by appellant as a case where this question was considered, is not authority, for the reason that this question was not before the court. It was a mere *dictum* of the judge who wrote the opinion, and he expressly states that he expresses no decided opinion upon the question, but places the decision upon another ground.

The act of 1877, which added to the concluding portion of the third clause of the statute these words, namely, "and the other half of the real estate shall descend as in other cases where there is no child or children or descendants of a child or children," must be regarded as merely declaratory of the law as it had previously been acted upon,—that the surviving spouse took only one-half of the realty where there were kindred of the intestate living, other than non-resident aliens. In construing the words, "and the other half of the real estate shall descend as in other cases," they must be held to mean, that as under clause 3 there is a spouse surviving, the *other* cases must be those where there is *no* spouse. In examining the statute to see which of the clauses provides for the "other cases" referred to in clause 3, we are necessarily limited to those clauses where there is *no* spouse. Clauses 2, 3 and 5 cover the only "cases" of intestacy with no lineal descendants surviving, and, therefore, when clause 3 refers to "other cases where there is

no child or children or descendants of a child or children," it evidently refers to the cases provided for by clauses 2 and 5.

The Statute of Descent also makes a distinction between the inheritance by a surviving spouse of a legitimate and that of an illegitimate intestate. In the case of the surviving spouse of a legitimate intestate, under clause 3 of section 1, as we have seen, the surviving spouse takes one-half of the real estate and the whole of the personal. Clause 3 of section 2 provides: "An illegitimate intestate leaving no child or descendant of a child, the whole estate, personal and real, shall descend to and absolutely vest in the widow or surviving husband." If the legislature had intended to give *all* the realty to the surviving spouse of the legitimate intestate, is it probable they would have said he or she should take *half?* But if such was the intention, would not the legislature have said, as in the case of the surviving spouse of the illegitimate intestate, he or she should take the *whole* of the real estate?

Under clause 6, where the intestate leaves a surviving husband and no kindred, her estate descends to the husband. This is the section under which appellant claims all of the real estate in question; but it is manifest that his claim cannot be sustained, for the reason that the intestate left kindred. We are therefore of opinion that appellant did not inherit all the réal estate, but that he inherits one-half as his absolute estate and the other half must descend to the "next of kin,"—the appellees,— under the third clause of section 1 of the statute, subject to the dower and homestead of appellant in said half.

The decree of the circuit court is affirmed.

*Decree affirmed.*