(No. 15575.—Judgment affirmed.)
FRANK B. SANDERS, Public Admr., Plaintiff in Error, *vs.* WILLIAM G. J. BUENGER, Admr., Defendant in Error.

*Opinion filed April 14, 1924.*

1. ADMINISTRATION—*proviso to section 18 of Administration act, as to public administrator, does not apply where intestate is a resident.* The proviso to section 18 of the Administration act, providing for the appointment of a public administrator, applies only where the intestate is a non-resident; and where the intestate is a resident at the time of his death the proviso does not apply even though there is no resident next of kin entitled to a distributive share. (*Krome* v. *Halbert,* 263 Ill. 172, followed.)

2. SAME—*who are "next of kin" under section 18 of Administration act.* The term "next of kin," as used in section 18 of the Administration act, providing who shall be appointed administrator, does not mean merely the persons who under the rules of descent are, in fact, next of kin of the deceased, but means those persons who would be the next of kin if all the persons coming under the preceding clauses who did not or could not exercise the right to nominate or serve as administrator were not in existence.

3. SAME—*when resident cousins may nominate administrator.* Resident cousins of a resident intestate may nominate an admin-

istrator where there are no closer kin who are residents, and the public administrator cannot be appointed, under the proviso to section 18 of the Administration act, merely because, there being non-resident heirs, the cousins are not entitled to a distributive share, nor because such appointment was requested by a half-brother, who was a non-resident, where all the other known relatives favored the cousins' selection.

THOMPSON, J., dissenting.

WRIT OF ERROR to the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Madison county; the Hon. J. F. GILLHAM, Judge, presiding.

A. U. BARCO, for plaintiff in error.

THOMAS WILLIAMSON, GEORGE D. BURROUGHS, and M. L. BURROUGHS, for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

The probate court of Madison county appointed an administrator of the estate of Isom W. Johnson, deceased, and denied the petition of the public administrator to be appointed. The circuit court, on appeal, sustained the judgment of the probate court, and the Appellate Court thereafter affirmed the judgment of the circuit court, and the case is now here on writ of *certiorari*.

There appears to be no dispute as to matters of fact. The decision of the case rests on the construction of the Statutes of Administration and of Descent of this State.

Isom W. Johnson died intestate September 18, 1922, being at the time of his death a resident of Madison county, Illinois. He left no widow, and left as his only heirs-at-law one brother, one sister and two half-brothers. All of the heirs-at-law resided in the State of Kansas, and were therefore non-residents of Illinois. On September 30, 1922, Sarah C. Collins, a resident of Madison county and a cousin of the deceased, filed a petition in the probate court of Madison county stating that the deceased left real estate

valued at about $50,000 and personal property valued at about $25,000, and asking that letters of administration be issued to William G. J. Buenger. According to one of the briefs Buenger was a life-long friend of the deceased and the deceased in his lifetime desired that he look after the property, but this does not appear in the stipulation of facts and pleadings found in the record, and the fact that the deceased desired his appointment would only have a sentimental, and not a legal, bearing on the appointment. Buenger was appointed administrator in bond of $50,000, which was filed and approved. The petition for letters stated that the only heirs-at-law of the deceased are the petitioner, who is a cousin, Charles E. Finley, a cousin living in Greene county, Illinois, another cousin living in Colorado, and several cousins whose names and addresses are unknown to the petitioner; that the deceased at one time had several half-brothers and half-sisters, but petitioner does not know how many of them are surviving nor has she any definite information regarding them. Charles E. Finley also filed a written waiver and request that Buenger be appointed. On October 20, 1922, on the request of one of the half-brothers of the deceased, the public administrator of Madison county filed his amended petition for letters of administration to himself and that the letters issued to Buenger be revoked. Thereupon the probate court denied the petition of the public administrator and confirmed the appointment of Buenger. Later the probate court found that Douglas Handlin, Elisha B. Handlin, William P. Johnson and Mary C. Johnson Moon were the next of kin and only heirs-at-law of the deceased according to the laws of Illinois. Elisha B. Handlin and Johnson also filed their waivers in the court, with the request that Buenger be appointed as administrator, the waiver representing that it was also the desire of Mrs. Moon that Buenger be appointed.

Section 18 of the Administration statute provides as follows:

"Sec. 18. Administration of the estate of all persons dying intestate shall be granted to some one or more of the persons hereinafter mentioned and they are respectively entitled to preference thereto in the following order:

"1st. To the surviving husband or wife or any competent person nominated by him or her.

"2d. To the children or any competent person nominated by them.

"3d. To the father or any competent person nominated by him.

"4th. To the mother or any competent person nominated by her.

"5th. To the brothers or any competent person nominated by them.

"6th. To the sisters or any competent person nominated by them.

"7th. To the grandchildren or any competent person nominated by them.

"8th. To the next of kin or any competent person nominated by them.

"9th. To the public administrator or to any creditor who shall apply for the same.

*"Provided,* that only such persons as are entitled to administer under this act shall have the right to nominate. * * * In all cases where the intestate is a non-resident, and in all cases where there is no widow, husband or next of kin entitled to a distributive share in the estate of such intestate, who at the time of the death of said decedent is a *bona fide* resident of this State, administration shall be granted to the public administrator. * * * *And further provided,* that no non-resident of this State shall be appointed or act as administrator or executor." (Smith's Stat. 1923, p. 9.)

The decision of this court in *Krome* v. *Halbert,* 263 Ill. 172, held, in effect, that the portion of the statute above quoted in relation to the public administrator should be

read as if it stated that in all cases where the intestate is a non-resident, where there is no widow, husband or next of kin entitled to a distributive share in the estate of such intestate who at the time of the death of said decedent is a *bona fide* resident of this State, administration shall be granted to the public administrator. In that case the deceased was a non-resident of Illinois, and the question was whether the portion of the statute in question referred to two classes or cases, one of which consists of all non-residents, regardless of their relatives in Illinois, and the court decided that it did not establish two classes but one class. As both portions of this provision of the statute must be read together as referring to one class, it is manifest that it only applies to non-residents, and as the intestate in the case now under consideration was a resident of Illinois at the time of his death, this provision of the statute does not apply here, and if there is any legal ground for the appointment of the public administrator it must be sought elsewhere in the law.

Counsel for plaintiff in error argues in favor of the appointment of the public administrator, that it is necessary for the next of kin, in order to entitle them to nominate, also to be entitled to a distributive share of the estate of the intestate. As this provision of the section does not apply in the case of a deceased resident of Illinois, the requirement as to the next of kin being required to have a distributive share in the estate in order to serve or nominate cannot apply here.

We next come to the question whether the cousins who named Buenger were entitled, under section 18, to nominate an administrator as "next of kin." "The term 'next of kin' is used to signify the relatives of a person, sometimes in the sense of nearest blood relations and at other times in the sense of relatives entitled to take under the Statute of Distributions, or distributees. The practical difference between next of kin and heirs-at-law is, that the former take

the personal property while the latter take the real estate. In the United States * * * the next of kin, in the majority of cases, are the same as the heirs-at-law, but in many cases they may be different. * * * In determining the degree of proximity of kindred the courts have generally applied the rules of the civil law." (21 Am. & Eng. Ency. of Law, 537.) The reasoning of this court in *Lockwood* v. *Moffett,* 177 Ill. 49, on the meaning and construction of the statute as to the words "next of kin," tends to support the conclusion reached in this opinion.

It would seem manifest that the term "next of kin," in section 18 of the Administration act, does not mean simply the persons who under the rules of descent are the next of kin of the deceased, for if that were the case much of the statute would have no force or meaning. For instance, if the deceased left children and certain cousins and no nearer kin and the children waived their right to administer or to nominate, then the cousins would have the right, under the statute, as next of kin, to administer or to nominate; but in that case it could not be contended that they really were the next of kin, because the children would still be the next of kin regardless of the fact that they did not wish to exercise their privilege in regard to the administration. Hence it is evident that the term "next of kin," in clause 8 of section 18, means those persons who would be the next of kin of the deceased if all of the persons coming under the preceding clauses who did not or could not exercise the right to serve as administrator or nominate one were not in existence. The next of kin under clause 8 may be, in fact, the next of kin, or merely those who would be next of kin if there were not certain other persons occupying that position.

We are of the opinion that the cousins of the deceased who nominated Buenger as administrator in this case were entitled to act, and that the court properly appointed him as administrator and refused to appoint the public administrator.

311—37

In this connection we might quote what the court said in *Dupee* v. *Follett,* 304 Ill. 166, on page 169: "The statute contemplates the public administrator shall act when an intestate leaves property in this State and there is no relative or creditor within this State who will administer. If the deceased leaves relatives in this State who will administer, and they seek to do so before the public administrator is appointed, they have the right to do so. * * * The reason for creating the office of public administrator was to give authority to someone to administer on intestate estates where no relative or creditor would administer. * * * The office was created for the benefit of such estates, and if the heirs apply for letters of administration before application is made to commit the administration to the public administrator, although more than sixty days have expired since the death of the intestate, letters should be granted to them or to the person they nominate. It was the clear intent of the legislature that relatives and creditors of the intestate should be preferred to the public administrator."

The half-brother who requested the appointment of the public administrator, being a non-resident of Illinois, did not have authority to nominate, although he might possibly come under the designation "any person interested," under section 46 of the Administration act, if this were a proper estate for the public administrator to administer. The other three heirs-at-law nominated Buenger,—the administrator who was appointed. They, also, did not have a right to nominate, but it is apparent that the desire of the known relatives, with one exception, was that the appointment might be made as the probate court made it.

The judgment of the Appellate Court affirming the findings of the probate court and circuit court will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE THOMPSON, dissenting.