(No. 15809.—Judgment affirmed.)

L. GRANT LUNDBERG, Public Administrator, Plaintiff in Error, *vs.* CHARLES J. JOHNSON, Admr., Defendant in Error.

*Opinion filed April 14, 1924.*

ADMINISTRATION—*when court may deny petition of the public administrator.* Where a person dies intestate, leaving an insane sister as his only heir-at-law, his only other relatives resident in Illinois being two cousins, one of whom has petitioned for and secured the appointment of a certain administrator, the court may deny the petition of the public administrator although the request of the other cousin for his appointment is attached to his petition. (*Sanders* v. *Buenger*, 311 Ill. 572, followed.)

THOMPSON, J., dissenting.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Ford county; the Hon. FRANK LINDLEY, Judge, presiding.

312—11

F. M. THOMPSON, and CLAUDE M. SWANSON, for plaintiff in error.

W. R. NELSON, E. J. PACEY, and SCHNEIDER & SCHNEIDER, for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

John William Johnson, a resident of Ford county, died intestate on August 1, 1922. He left no wife or descendant, and his only heir was his sister, Ida Johnson, who was insane and was in the Eastern Illinois Hospital for the Insane at Kankakee. His only other relatives resident in this State were two cousins, Della Finfrock and Minnie Nugent. On petition of Della Finfrock, Charles J. Johnson was appointed administrator of the estate. On August 17, 1922, L. Grant Lundberg, public administrator of Ford county, filed a petition in the county court praying that as public administrator he be appointed administrator of the estate and that the appointment of Johnson be set aside. Attached to his petition was the request of Minnie Nugent for the appointment of the public administrator as administrator of the estate. The county court denied the petition and the petitioner appealed to the circuit court, which also denied the petition. The Appellate Court affirmed the judgment of the circuit court, and a writ of *certiorari* was allowed to bring the record before this court for review.

The facts were stipulated, and the only question for determination is whether the plaintiff in error, as public administrator, has the right, under the statute, to have the letters of administration of the defendant in error set aside and himself appointed administrator. This question has been considered in the similar case of *Sanders* v. *Buenger*, 311 Ill. 572, and decided in accordance with the judgment of the Appellate Court. The judgment of that court will therefore be affirmed.

*Judgment affirmed.*

Mr. JUSTICE THOMPSON, dissenting.